Christopher J. Fry, Esq. (SBN: 298874)
   *Email:* cfry@frylawcorp.com
**FRY LAW CORPORATION**
980 9th Street, 16th Floor
Sacramento, California 95814
Telephone: (916) 291-0700
Facsimile: (916) 848-0256

Attorneys for Plaintiff,
**ENHANCED ATHLETE INC.,**
**a Nevada corporation**

# UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENHANCED ATHLETE INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC, a Delaware limited liability company; GOOGLE LLC, a Delaware limited liability company,<br><br>    Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR:**<br><br>1. **Unfair Competition;**<br>2. **Breach of the Implied Covenant of Good Faith and Fair Dealing;**<br>3. **Lanham Act – 15 U.S.C. § 1125 et seq.; and**<br>4. **Declaratory Relief.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**AMOUNT DEMANDED EXCEEDS $75,000.00** |

---

**COMPLAINT**

Plaintiff ENHANCED ATHLETE INC., a Nevada corporation ("Plaintiff" or "Enhanced Athlete"), by and through counsel, hereby brings its Complaint for damages, injunctive relief, and declaratory relief, against Defendants YOUTUBE, LLC, a Delaware limited liability company ("YouTube"), and GOOGLE LLC, a Delaware limited liability company ("Google") (collectively referred to as "Defendants"), and upon information and belief alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit to stop Defendants from unlawfully censoring its educational and informational videos, and discriminating against its right to freedom of speech, for arbitrary and capricious reasons that are contrary to Defendants' own published Community Guidelines and Terms of Use. Defendants have been discriminating and censoring, and continue to discriminate and censor, educational and informational videos uploaded or posted by Plaintiff to the YouTube online video platform by applying filters and restrictions to Plaintiff's videos. These filters and restrictions purport to prevent access of "inappropriate" content to the public but are not being appropriately applied by Defendants. Defendants' actions have included issuing unwarranted Community Guideline strikes against Plaintiff's videos, including videos that had already been deleted from Plaintiff's YouTube platform channel, by refusing to provide an explanation of why the videos were being "struck" despite Plaintiff's repeated requests and internal appeal efforts seeking such an explanation and, finally, by terminating Plaintiff's YouTube account channel and prohibiting Plaintiff from accessing, possessing or creating any other YouTube accounts, all to Plaintiff's extreme financial detriment.

2. Defendants operate the largest world-wide online forum for the general public to participate in video-based expression and exchange of free speech. Everyday millions of members of the general public visit the YouTube online video platform and thousands of videos are uploaded to YouTube. Defendants hold YouTube out as a forum intended to support, defend and protect free speech where members of the general public

may express and exchange ideas within the realm of protected speech, but their treatment of Plaintiff and others similarly situated has been and is completely contrary to those objectives and to established laws.

3. YouTube's insistence that it does not allow on its online video platform "content that encourages or promotes violent or dangerous acts that have an inherent risk of serious physical harm or death" is noble, but when YouTube strays from that lofty goal and discriminates against videos that do not contain such offensive content, it acts unfairly, unreasonably, arbitrarily and in violation of its own Community Guidelines, Terms of Use and the basic protections of freedom of speech.

4. For Defendants to unilaterally decide that Plaintiff's videos violated Defendants' Community Guidelines and to strike such videos for that reason without identifying anything specific whatsoever about any particular video in question, and each of them, that would warrant such a strike, should not be permitted and Plaintiff should be allowed to reestablish its YouTube account and to post appropriate and inoffensive videos that fall within the Community Guidelines YouTube has established.  Further, to the extent YouTube believes that a video posted by Plaintiff or anything appearing in such a video is potentially offensive, objectionable and/or in violation of its Community Guidelines, Plaintiff should be given an opportunity to respond, remove or revise the video to resolve the issue.  Defendants should not be allowed to act unilaterally.

5. Defendants' actions in striking Plaintiff's videos and then terminating its YouTube account is a clear violation of Plaintiff's fundamental rights to freedom of commercial speech, is a deceptive and unfair business practice, and breaches the warranty of good faith and fair dealing implied in the agreement between Plaintiff and Defendants as defined in Defendants' Terms of Use and their Community Guidelines.

6. Defendants use vague, ambiguous, overbroad, and subjective criteria, including as set forth in the Terms of Use and Community Guidelines, to justify their censorship decisions.  In so doing, Defendants impose restrictions on speech that lack objective criteria, are misleading, deceptive, and/or are discriminatory and allow

**COMPLAINT**
2

Defendants to censor speech based solely on Defendants' subjective and unfounded opinions which are not supported by any clear facts.

7.   While Plaintiff does not dispute that Defendants may lawfully regulate or restrain speech in certain circumstances to the extent such restrictions are fair, reasonable and objective, and reasonably tailored for legitimate purposes, Plaintiff asserts that Defendants may not do so at will without any restrictions or in an arbitrary or capricious manner that provides them with unbridled discretion to discriminate using such vague, ambiguous, broad and/or undefined criteria, such as the language reflected in the Terms of Use and Community Guidelines.  Defendants' actions in striking Plaintiff's videos, as well as other similar videos, and then terminating Plaintiff's YouTube account were taken to eliminate videos and YouTube accounts that Defendants decided did not measure up to Defendants' recent goal of promoting advertiser friendly posts.  In short, these actions were taken for Defendants' financial benefit to the extreme financial detriment of Plaintiff and others similarly situated.

8.   Defendants' motives in eliminating Plaintiff's YouTube account are clearly demonstrated by YouTube's refusal to provide Plaintiff with any reasonable, accurate and sensible explanation for the reason its videos were being struck and its account terminated.  YouTube simply provided a boiler-plate or copied and pasted response to each and every strike which was identical in each and every case and had no relationship or bearing whatsoever to the actual content of any particular struck video, and each of them, other than stating the title of the video to be struck.  These actions by YouTube were painfully arbitrary and dishonest.  And, despite Plaintiff's efforts to obtain a fair and reasoned explanation for the censored videos and for the elimination of its YouTube account, and to appeal YouTube's decisions pursuant to its own Terms of Use and Community Guidelines, YouTube has steadfastly refused to provide one.

9.   Plaintiff's videos at issue depict educational information about good health, encouraging exercise, and supporting overall well-being for viewers who are interested in personal fitness and related topics.   The videos do not contain any profanity, nudity, or

**COMPLAINT**
3

1  otherwise inappropriate "mature" content.  The videos do not contain any content that
2  would encourage or promote violent or dangerous acts.  The censored videos Defendants
3  struck which lead to Plaintiff's YouTube termination were either deleted by Plaintiff before
4  being struck or were in full compliance with YouTube's Terms of Use and Community
5  Guidelines.  In fact, many of the censored videos appeared on Plaintiff's YouTube
6  platform for several months and even years prior to the implementation of YouTube's
7  advertiser-friendly policy, and were only censored after YouTube decided to enhance its
8  own financial circumstances by generating advertiser revenue for itself while completely
9  disregarding the rights and circumstances of Plaintiff along with thousands of other
10 individuals and businesses whose YouTube videos and/or accounts have been similarly
11 arbitrarily and capriciously terminated.

**PARTIES**

12     10.    Plaintiff incorporates herein by this reference each and every allegation set forth above and below, as though fully set forth herein.

15     11.    Plaintiff is a Nevada domestic corporation.  Plaintiff has entered into a licensing agreement with ENHANCED ECOMMERCE PLATFORMS LIMITED, an Irish Corporation ("EEPL"), which is the legal owner of the trademarks "ENHANCED ATHLETE" and "ENHANCEDATHLETE.COM" and has granted Plaintiff rights to use such marks in commerce.  Prior to the foregoing licensing agreement having been entered into, EEPL had licensed the rights to use the foregoing marks to another company, ENHANCED ATHLETE INC, a Wyoming Corporation (the "Wyoming Corp."), which in turn had assigned such rights and interests in the marks to Plaintiff.  As the licensee for these trademarks, Plaintiff hosted a YouTube account using them in commerce for several years.  Plaintiff's YouTube channel has been the site for regular postings by Plaintiff of informational and educational videos concerning health, exercise and over-all well-being. Plaintiff was encouraged by Defendants to invest a significant amount of time into developing and building its YouTube channel in terms of building and growing more content and more viewers.  Plaintiff spent countless hours and significant sums of money

editing, preparing and posting nearly 200 videos on its two YouTube channels, Enhanced Athlete and Dr. Tony Huge, and had a subscriber base of approximately 145,000 subscribers combined when its Enhanced Athlete YouTube account was arbitrarily terminated by Defendants.

12. Defendant YOUTUBE, LLC is a Delaware limited liability company ("YouTube") that regularly conducts business throughout the State of California. YouTube's member/manager is Defendant GOOGLE LLC, a Delaware limited liability company that regularly conducts business throughout the State of California. YouTube operates the largest and most popular internet video viewer site, platform and service in the world and purports to be the largest and most important public forum for the expression of ideas and exchange of free speech. YouTube promotes itself as one of the best forums for marketing commercial products and services to potential customers, and for building brands through wide audience exposure. Plaintiff is informed and believes and thereon alleges that at all relevant times, YouTube acted as an agent of Defendant GOOGLE LLC and uses, relies on, and participates with Defendant GOOGLE LLC in arbitrarily restricting Plaintiff's speech on the YouTube site, platform and/or service.

13. Defendant GOOGLE LLC is a Delaware limited liability company ("Google") that regularly conducts business throughout the State of California. Google's member/manager is XXVI HOLDINGS, INC., a Delaware limited liability company that regularly conducts business throughout the State of California. Plaintiff is informed and believes and thereon alleges that at all relevant times, Google acted as an agent of YouTube, and uses, relies on, and participates with Defendant YouTube in arbitrarily restricting Plaintiff's speech on the YouTube site, platform and/or service.

14. Plaintiff is ignorant of the true names and capacities of possible other defendants. Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named defendants is responsible in some manner for the wrongful acts complained of herein.

15. Each defendant was the agent and employee of each and every other

**COMPLAINT**
5

defendant and in doing, saying, or omitting to say the things alleged, was acting within the course and scope of such agency and with the permission and consent of each of the other defendants.

16. Each defendant aided and abetted, encouraged, and rendered substantial assistance to the other defendants in breaching their obligations to Plaintiff. In taking action to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each defendant acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

17. Each defendant knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs herein. The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, inter alia, to financially benefit defendants at the expense of Plaintiff by engaging in the wrongful conduct.

18. Defendants accomplished their conspiracy, common enterprise, and common course of conduct by misrepresenting and concealing material information surrounding the censorship and termination of Plaintiff's online videos and account, and by taking steps and making statements in furtherance of their conspiracy. Each defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct herein, and was aware of its overall contribution to and furtherance thereof. Defendants' wrongful acts include, inter alia, all of the acts that each of them are alleged to have committed in furtherance of the wrongful conduct herein.

**JURISDICTION AND VENUE**

19. Plaintiff incorporates herein by this reference each and every allegation set forth above and below, as though fully set forth herein.

20. This Court has jurisdiction over this matter because Defendants transacted business with Plaintiff and committed the acts complained of herein within the United States District Court, Northern District of California during the times referenced herein.

21. This is a civil action and is subject to the jurisdiction of this Court based on the complete diversity of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Nevada and Defendants, including their respective member/managers, are citizens of Delaware for jurisdiction purposes. The amount in controversy exceeds $75,000.00 not including interest and costs. This Court may award Plaintiff declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 1983, 2201-02, Rule 65 of the Federal Rules of Civil Procedure, and this Court's inherent equitable jurisdiction. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims raised in this lawsuit occurred in this district, and/or pursuant to 28 U.S.C. § 1391(c) as the Defendants are subject to this Court's personal jurisdiction by reason of doing business throughout the State of California during all the relevant time periods herein.

**FACTUAL BACKGROUND**

23. Plaintiff incorporates herein by this reference each and every allegation set forth above and below, as though fully set forth herein.

24. Defendants control and regulate the world's largest forum in which the public may post and watch video-based content and information at no charge. This forum allows members of the public to connect, inform, educate, and inspire others and provides a joint platform for original content creators, viewers and advertisers.

25. YouTube holds itself out as a place "where everyone's voice can be heard" and it professes to give "people opportunities to share their voice and talent no matter where they are from or what their age or point of view." YouTube allows users to upload, view, rate, share, report, comment and subscribe to other users. YouTube content includes video clips, TV show clips, music videos, documentary films, audio recordings, video blogging, short original films, informational videos and educational videos.

26. YouTube content can be and often is "monetized" to provide revenue for the

1  benefit of content creators such as Plaintiff.  In Plaintiff's instance, it designed its video
2  postings to detail the personal experiences of its members as well as information and
3  research in health, exercise and well-being.  Along these lines, some of Plaintiff's videos
4  depicted educational information related to Plaintiff's several-year interest in and research
5  concerning Selective Androgen Receptor Modulators (SARMS) – substances similar to
6  many other healthcare supplement products in the sense that they are not regulated and
7  have not been approved by the FDA for human-consumption, but are currently legal.

8      27.    Plaintiff's strategy in designing its video content was to provide educational
9  materials to the general public and to build a subscriber base to gain revenue for its
10 business.  YouTube encouraged this undertaking and the strategy proved to be
11 successful.  As Plaintiff's following grew, its marketability as a content creator also grew
12 and it started to receive sponsorship deals which provided financial benefits and affiliate
13 marketing, thereby enabling it to generate significant income by marketing to its
14 subscribers the products and services of other companies.

15     28.    However, advertising funds generated by the content creators, such as
16 Plaintiff, had the potential of adversely affecting advertising revenue for YouTube which
17 is targeted according to site content and audience.  It has become clear that if a site is
18 deemed not to be "advertiser friendly" by YouTube, it will then take steps to terminate the
19 account even if the content does not violate YouTube's own specified Community
20 Guidelines.  It appears YouTube takes the position that it has unfettered discretion to
21 censor and terminate any video content it deems to be inappropriate or not advertiser
22 friendly, regardless of how subjective, baseless, arbitrary or unfair that assessment is
23 under its own policies.  In taking this position, YouTube ignores the basic rights of content
24 creators to speak freely without content-based restrictions and further ignores its own
25 historical encouragement of a wide range of videos concerning many different subject
26 matters, including videos which may provide financial benefits to those posting the videos.

27     29.    Contrary to their claims of giving a voice to everyone, YouTube actually
28 imposes arbitrary regulations and censorship on speech which unreasonably and unfairly

discriminates against public speakers if the topics are determined by YouTube to be unworthy or not advertiser friendly.

30. Based on fundamental principles and protections of liberty and free speech, Plaintiff challenges Defendants' arbitrary and capricious authority to censor and regulate Plaintiff's speech and the speech of others similarly situated. Plaintiff has a fundamental right to speak and express its views to members of the public who visit YouTube. Plaintiff also has a right to rely on the fact that YouTube raised no objections to Plaintiff's postings for several years until it determined that the postings did not provide content which YouTube deemed to be "advertiser friendly". Even though Plaintiff's postings do not violate YouTube's content restrictions and do not encourage or promote violent or dangerous acts that have an inherent risk of serious physical harm or death, YouTube terminated Plaintiff's YouTube account citing such a violation. YouTube's denial of Plaintiff's right and ability to speak and express its views to the members of the public who use YouTube violates Plaintiff's basic right to speak freely. YouTube's unlawful conduct also violates unfair competition laws and the implied covenant of good faith and fair dealing.

31. Plaintiff has tried to work with YouTube to resolve its unfair and discriminatory termination of Plaintiff's YouTube account based on basic unfairness, breach of contract, and unlawful censorship. In response to Plaintiff's efforts, YouTube provided vague, ambiguous, non-applicable and contradictory information that has failed to advance the resolution of the dispute and has established YouTube's discriminatory violation of its own stated policies.

32. Some of Plaintiff's videos that were struck by YouTube pertained to products which YouTube apparently determined were not "advertiser friendly" even though these products have been legal for many years and even though Plaintiff's YouTube platform reflected, among other things, videos about these products for several years prior to Plaintiff's termination.

33. Many of the videos YouTube struck from Plaintiff's channel were completely

**COMPLAINT**
9

benign. When confronted with Plaintiff's inquiry as to why these videos were struck, YouTube provided evasive, non-applicable cut-and-paste responses that the videos were deemed to be "promoting violent or dangerous acts that have an inherent risk of serious physical harm or death." Nothing could be further from the truth. Rather, YouTube's purge has nothing to do with whether or not a video violates the Community Guidelines and has everything to do with whether or not YouTube has arbitrarily decided that the subject matter of the video content is not "advertiser friendly" – a decision made for YouTube's sole benefit and to Plaintiff's severe detriment.

34. When Plaintiff became aware that YouTube was purging content by applying an unstated, but obvious, "advertiser friendly" criteria to certain YouTube accounts, in an effort to preserve its channel and livelihood, Plaintiff immediately took significant steps to revise its YouTube channel to insure it would be deemed "advertiser friendly" even though the videos had been on the platform for several years without generating any concern from or censorship by YouTube. In an abundance of caution, Plaintiff deleted certain videos just to be sure the guidelines were met. Despite Plaintiff's efforts, and even after certain videos had been deleted, YouTube deemed those deleted videos objectionable and struck them. YouTube has a policy of terminating any account for which three or more Community Guideline strikes are received within a three-month period. Because YouTube struck videos Plaintiff had already deleted, Plaintiff's account was subject to the "three strikes in three-months" termination policy and YouTube permanently terminated Plaintiff's YouTube channel even though the videos YouTube objected to had already been removed. In other words, YouTube has permanently banned Plaintiff from participating as a YouTube content creator for alleged violations which never actually occurred. Plaintiff remedied potential YouTube concerns about certain of Plaintiff's videos when Plaintiff deleted them from its channel before YouTube even complained about them. YouTube strikes as to those videos took place after the videos had already been voluntarily deleted by Plaintiff. It is noteworthy that these same videos appeared on Plaintiff's channel for months, if not years, without any concern from

1  YouTube until YouTube began its "advertiser friendly" purge.  Clearly, YouTube is
2  attempting to silence Plaintiff and prevent it from communicating with the public and its
3  followers on certain potentially controversial, but perfectly legal and non-offensive topics.
4      35.    Further, prior to being terminated and in an effort to be compliant and to
5  maintain its standing as a YouTube content creator and account holder, Plaintiff sought
6  guidance from YouTube on the steps it should take to comply with YouTube's
7  expectations even over and above complying with the written Guidelines.  Rather than
8  receiving the cooperation and assistance from YouTube one would expect, YouTube
9  refused to provide any helpful guidance and instead engaged in a pattern of deceptive
10 and evasive communication which essentially ignored and/or deflected Plaintiff's pleas
11 for assistance.  YouTube's conduct failed to comport with its own guidelines and was
12 designed to eliminate certain content creators so as to arbitrarily cleanse the YouTube
13 platform of video content it deemed not "advertiser friendly" and to blatantly censor
14 channels in direct violation of its own guidelines.  Content creators, such as Plaintiff, were
15 terminated without a truthful explanation and without being given the opportunity to
16 comply with YouTube's requirements.
17     36.    For many years, YouTube promoted and encouraged content creators such
18 as Plaintiff to devote countless hours and to invest substantial resources in developing,
19 building and maintaining YouTube channels and cultivating followers as these efforts had
20 a direct effect on the growth and success of YouTube itself.  However, years of effort by
21 Plaintiff and others similarly situated were destroyed and livelihoods wiped out in the blink
22 of an eye when YouTube decided that its own receipt of advertising revenue was more
23 important than allowing video content that had been acceptable for many years to
24 continue to appear on the YouTube platform.  In short, YouTube willingly sacrificed the
25 very existence of its content creators for its own financial advantage.
26     ///
27     ///
28     ///

**COMPLAINT**
11

## FIRST CAUSE OF ACTION

### Unfair Competition

### (Against All Defendants)

37. Plaintiff incorporates herein by this reference each and every allegation set forth above and below, as though fully set forth herein.

38. Defendants have committed acts of unfair competition by continually engaging in the practices described above. Such acts have caused and resulted in actual and imminent injury to Plaintiff by directly losing money it invested in its numerous content creation posted on the YouTube platform, only to have such content later wiped out by Defendants and thereby losing out on substantial future income as well. Had Plaintiff known YouTube would act as such, it would not have invested the significant sums of money to create its content of the YouTube platform that was since censored and terminated by YouTube.

39. Defendants' policies and practices, and their application of same to Plaintiff, constitute unlawful, unfair and/or fraudulent business acts or practices. These actions have not only misled and deceived Plaintiff but have and are likely to mislead and deceive the public at large about YouTube and its videos, about Plaintiff and its videos, and about content creators and advertisers. YouTube viewers trust and rely on Defendants for an open marketplace of ideas, expression, and information. Viewers erroneously rely on YouTube and expect it to use fair, transparent means to restrict or terminate videos and believe that when such a termination occurs it is done because those videos are truly and in good faith deemed inappropriate for viewing and are actually violative of YouTube's Community Guidelines. The viewers have been misled by YouTube and are unaware of its actual motivation in restricting videos and terminating accounts.

40. The public does not benefit and is deliberately misled when YouTube imposes restrictions on content for its own financial purposes, and applies its policies arbitrarily and capriciously, and not because the content itself violates the published Community Guidelines or is otherwise improper. To the extent any utility in Defendants'

arbitrarily applied policies did exist, that usefulness is significantly outweighed by the harm imposed on YouTube consumers and the general public. Defendants have alternatives to this conduct that would be more tailored and less harmful to the public but these alternatives are not adopted because they do not provide Defendants with the same level of financial reward as they receive from their current conduct.

41. As a direct and proximate result of the foregoing, Plaintiff has suffered and will continue to suffer immediate and irreparable injury, including lost income, loss of followers, and damage to brand, reputation and goodwill, for which there exists no adequate remedy at law.

42. Defendants' wrongful actions were taken with oppression, fraud and/or malice in conscious disregard of Plaintiff's rights. Plaintiff has repeatedly tried to work with Defendants to remedy the situation and Defendants have repeated refused to reconsider their arbitrary termination of Plaintiff's YouTube account. Defendants have never articulated any justifiable reason for Plaintiff's termination and have refused to consider any evidence Plaintiff has presented to demonstrate that its videos are educational, informational and worthy and do not come close to violating any guidelines or standards established by YouTube or otherwise.

## SECOND CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

43. Plaintiff incorporates herein by this reference each and every allegation set forth above and below, as though fully set forth herein.

44. Plaintiff and Defendants had an agreement in which Defendants agreed to provide YouTube access, hosting, streaming, and advertising services to Plaintiff. This agreement was reflected in YouTube's Terms of Use and its Community Guidelines – both of which were deliberately crafted to give Defendants vague, ambiguous, unfettered, and unilateral discretion to remove content and terminate accounts for any reason or no reason as Defendants see fit.

45. Implied in the agreement between Plaintiff and Defendants is the implied covenant of good faith and fair dealing. This is particularly true because Defendants assumed unilateral and unfettered discretionary control over virtually every aspect of their relationship with Plaintiff and because Defendants have exercised that control at their whim, repeatedly and without fair notice to Plaintiff and without giving Plaintiff the opportunity for meaningful discussion or appeal. To the extent these discretionary powers are valid, Defendants are obligated to exercise them fairly and in good faith.

46. Plaintiff did all or substantially all of the things required under its agreement with Defendants. None of Plaintiff's videos, including those YouTube struck which lead up to the termination of Plaintiff's YouTube account, were ever in violation of the letter or spirit of the Terms of Use or Community Guidelines. And, once Plaintiff was aware of YouTube's "advertiser friendly purge", to the extent there was even the slightest suggestion that a video may possibly be considered improper, Plaintiff voluntarily deleted that video far in advance of YouTube striking it. In other words, YouTube terminated Plaintiff's account based on videos that had properly been on its channel for months, if not years, after those previously acceptable videos had already been deleted by Plaintiff.

47. Defendants were bound by the implied covenant of good faith and fair dealing in the agreements, terms and policies, not to engage in any acts, conduct or omissions that would impair or diminish Plaintiff's rights and the benefits of its agreements with Defendants. Pursuant to the terms of those agreements, Plaintiff was entitled to have equal access to a wide audience to promote its messages and products. Instead, by their acts and omissions stated herein, Defendants intentionally and tortuously breached the implied covenant of good faith and fair dealing by destroying Plaintiff's right to receive the benefit of its agreement with Defendants and thereby completely disrupting Plaintiff's communication with its followers and eliminating Plaintiff's livelihood.

///
///
///

## THIRD CAUSE OF ACTION

## Lanham Act – 15 U.S.C. § 1125 et seq.

## (Against All Defendants)

48. Plaintiff incorporates herein by this reference each and every allegation set forth above and below, as though fully set forth herein.

49. Defendants have been and are engaged in interstate commerce and competition through hosting, creating, advertising, soliciting and receiving revenue for its advertising and video streaming services. Defendants also compete with content creators, like Plaintiff, in the market of online video streaming by creating, hosting and promoting their own video content.

50. Defendants engage in a pattern and practice of knowingly misleading, deceptively advertising, and unfairly competing to and with Plaintiff and the public at large. Defendants advertise YouTube as a forum for open expression by diverse speakers while unilaterally terminating those whose posts may be somewhat controversial. Defendants unfairly and deceptively misrepresent the nature, characteristics, and qualities of YouTube's services and commercial activities as an equal and diverse public forum. Defendants likewise unfairly enhance the image and goodwill of their content while degrading and ultimately terminating content creators like Plaintiff and by harming Plaintiff's reputation by suggesting that Plaintiff's videos were terminated because they violated guidelines preventing "conduct that encourages or promotes violent or dangerous acts that have an inherent risk of serious physical harm or death."

51. Defendants' false representations and unfair competition deceive substantial segments of YouTube audiences, including content creators like Plaintiff, viewers and advertisers, who are induced to traffic and do business with YouTube and to view particular videos. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer, immediate and irreparable injury including loss of followers, loss of and eventual elimination of revenue, loss of sponsorships and damage to Plaintiff's brand, reputation and goodwill.

52. Defendants' wrongful actions were taken with oppression, fraud and/or malice in conscious disregard of Plaintiff's rights. Plaintiff has repeatedly tried to work with Defendants to remedy the situation and Defendants have repeated refused to reconsider their arbitrary termination of Plaintiff's YouTube account. Defendants have never articulated any justifiable reason for Plaintiff's termination and have refused to consider any evidence Plaintiff has presented to demonstrate that its videos are educational, informational and worthy and do not come close to violating any guidelines or standards established by YouTube or otherwise.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

### (Against All Defendants)

53. Plaintiff incorporates herein by this reference each and every allegation set forth above and below, as though fully set forth herein.

54. Based on the foregoing, an actual controversy exists between Plaintiff and Defendants as to whether Defendants' policies and procedures and their application thereof have damaged Plaintiff and violated its rights as described herein.

55. Unless the court issues an appropriate declaration of rights, the parties will not know whether Defendants' policies and procedures comply with the law and there will continue to be disputes and controversy surrounding Defendants' policies and procedures and the application thereof.

## DEMAND FOR JURY TRIAL

Plaintiff, ENHANCED ATHLETE INC., a Nevada corporation, hereby demands a trial by jury.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff, ENHANCED ATHLETE INC., a Nevada corporation, prays for Judgment and Order against the Defendants, as follows:

1. That Judgment is entered for Plaintiff and against Defendants, and each of them;

2. For injunctive relief requiring Defendants to reinstate Plaintiff's YouTube account and to cease and desist from capriciously restricting, striking and otherwise censoring Plaintiff's YouTube videos and/or terminating Plaintiff's YouTube account based on unfettered discretion or the use or application of arbitrary, capricious, vague, unspecified, subjective and/or non-applicable criteria guidelines;

3. For declaratory judgment that the unilateral policies and procedures utilized by Defendants in terminating Plaintiff's YouTube accounts for guideline violations have violated and continue to violate Plaintiff's legal rights and cause Plaintiff damage;

4. For compensatory damages, according to proof at trial;

5. For consequential damages, according to proof at trial;

6. For general, statutory, and treble damages for all harm resulting from the causes of action set forth herein according to proof at trial;

7. For disgorgement and restitution of all earnings, profits, compensation and benefits received by defendants as a result of their unlawful acts and practices;

8. For punitive and/or exemplary damages in an amount sufficient to punish defendants' wrongful conduct and to deter similar future misconduct;

9. Prejudgment interest;

10. Attorney's fees incurred in bringing the action;

11. Costs and disbursements of the action; and

12. For such other and further relief as the Court may deem just and proper.

DATED: December 19, 2019        Respectfully submitted,

**FRY LAW CORPORATION**


By: */s/ Christopher J. Fry, Esq.*
Christopher J. Fry, Esq.
*Attorney for Plaintiff*


Fry Law Corporation
Trial Attorneys

**COMPLAINT**
17